JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

JAMES C. MANN (CABN 221603)
Assistant United States Attorney

   1301 Clay Street, Suite 340-S
Oakland, California 94612
Telephone:  (510) 637-3705
Facsimile:  (510) 637-3724
E-Mail:      James.C.Mann@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-08-00808 DLJ |
| | ) | |
| Plaintiff, | ) | STIPULATION AND  PROTECTIVE |
| | ) | ORDER REGARDING PRODUCTION OF |
| v. | ) | CONFIDENTIAL DISCOVERY |
| | ) | |
| OMAR JAMEL WILLIAMS, | ) | |
| a/k/a "Scooby," | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

     Plaintiff, by and through its attorney of record, and defendant, by and through his

attorney of record, hereby stipulate and ask the Court to find as follows:

     1.     A federal grand jury has returned an indictment charging defendant with

distribution of cocaine base.

     2.     The government believes that the proposed protective order is necessary to

preclude discovery materials, which may contain the identities of potential witnesses and

STIPULATION AND PROPOSED PROTECTIVE
ORDER REGARDING CONFIDENTIAL DISCOVERY

1   cooperating defendants or information from which those identities may be discovered, from

2   being disseminated among members of the public and to defendant.  Specifically, the

3   government believes that the proposed protective order will greatly reduce the possibility that

4   individuals will misuse discovery materials to identify, intimidate, and/or harm witnesses and/or

5   defendants.

6          3.      Defendant and his counsel deny that any person would be endangered by

7   defendant's possession of any discovery material in this matter.  The parties agree that no

8   inference should be drawn about defendant's dangerousness because of his agreement to enter

9   into this stipulation and be subject to the protective order.

10          4.      The parties agree that the following conditions, if ordered by the Court, should

11  serve the government's interest in protecting witnesses, defendants, and other members of the

12  community and reduce the risk of retribution against cooperating witnesses by precluding the

13  circulation of these documents and digital media (e.g., DVDs and digital photographs)

14  throughout the prison system and the community, while permitting the defense to obtain

15  discovery required by Federal Rule of Criminal Procedure 16 and the United States Constitution.

16  Accordingly, the parties jointly request that the Court order as follows:

17          a.      For purposes of this Order, the term "defense team" refers to: (1) the

18  counsel of record for defendant; (2) defense investigators assisting counsel with this case; and

19  (3) any expert witnesses who may be retained or appointed by the defense team.  Each member

20  of a defense team must provide the government with a letter indicating that they have read this

21  stipulation and agree to be bound by its terms.  For purposes of this Order, a term "defense team"

22  does not include defendant.

23          b.      The government is authorized to provide the defense team with discovery

24  required by F.R.Cr.P. 16 and may, in its discretion, designate any discovery produced as

25  "Confidential Discovery" to be governed by the terms of this protective order.  The government

26  may designate discovery as confidential by marking such discovery as "CONFIDENTIAL" and

27  shall produce such discovery on a CD or DVD marked "WARNING: CONTENTS SUBJECT

28  TO PROTECTIVE ORDER.  UNAUTHORIZED COPYING OR VIEWING IS SUBJECT TO

STIPULATION AND PROPOSED PROTECTIVE
ORDER REGARDING CONFIDENTIAL DISCOVERY 2

1    PUNISHMENT AS CONTEMPT OF COURT."

2           c.     The defense team shall not permit anyone, including defendant, to have

3    physical possession of Confidential Discovery pursuant to this Order other than the defense

4    team.

5           d.     The defense team shall not divulge the contents of any Confidential

6    Discovery provided pursuant to this Order to anyone other than the individual defendant it

7    represents.  A defense team member may show Confidential Discovery to the individual

8    defendant it represents in the physical presence of a defense team member, but may not permit

9    that defendant to have physical possession of the Confidential Discovery.

10          e.     The defense team shall not permit Confidential Discovery provided

11   pursuant to this Order to be outside of the defense team's offices, homes, vehicles, or personal

12   presence.  The defense team may take Confidential Discovery into a custodial facility to show it

13   to the individual defendant it represents but, as explained above, the defense team must maintain

14   physical possession of the Confidential Discovery and may not allow the defendant to have

15   physical possession of the Confidential Discovery.

16          f.     In the event that one of the parties files a pleading that references or

17   contains Confidential Discovery or information therefrom, that filing must be made under seal.

18          g.     The defense team shall return all Confidential Discovery provided

19   pursuant to this Order to the government fourteen calendar days after any one of the following

20   events, whichever occurs latest in time: dismissal of all charges against defendant; defendant's

21   acquittal by court or jury; or the conclusion of any direct appeal.  In the event that the defense

22   team has made notes or marks on the Confidential Discovery constituting work product the

23   defense team shall return the materials to the government in a sealed container labeled "WORK

24   PRODUCT-DESTROY."

25          h.     After the conclusion of proceedings in the district court or any direct

26   appeal in the above-captioned case, the government will maintain a copy of all Confidential

27   Discovery produced.  The government will maintain such documents until the time period for

28   filing a motion pursuant to 28 U.S.C. § 2255 has expired.  After the statutory time period for

STIPULATION AND PROPOSED PROTECTIVE
ORDER REGARDING CONFIDENTIAL DISCOVERY 3

1   filing such a motion has expired, the government may destroy the documents and digital media.

2   In the event a defendant is represented by counsel and files a motion pursuant to 28 U.S.C. §

3   2255, the government will provide that counsel with a copy of the Confidential Discovery under

4   the same restrictions as trial and direct appeal defense counsel.  Defendant's attorney in any

5   action under 28 U.S.C. § 2255 shall return the Confidential Discovery fourteen calendar days

6   after the district court's ruling on the motion or fourteen calendar days after the conclusion of

7   any direct appeal of the district court's denial of the motion, whichever is later.

8       IT IS SO STIPULATED.

9

10   DATE: February 3, 2009                                Respectfully submitted,

11                                                         JOSEPH P. RUSSONIELLO
                                                          United States Attorney

12

13                                                        _____/s/_____
                                                          JAMES C. MANN
14                                                        Assistant United States Attorney

15

16                                                        _____/s/_____
17                                                        RANDY SUE POLLOCK
                                                          Counsel For Omar Jamel Williams

18

19   ///

20                                       **ORDER**

21       FOR GOOD CAUSE SHOWN, IT IS SO ORDERED:  The government is hereby

22   authorized, pursuant to Federal Rule of Criminal Procedure 16, to disclose discovery to the

23   defense and may designate discovery to be governed by this protective order as Confidential

24   Discovery.   The parties are hereby ordered to comply with the conditions set forth in paragraphs

25   4(a)-(h) of this stipulation and order pursuant to Federal Rule of Criminal Procedure 16(d)(1).

26

27   DATED: February 4, 2009     _____
                                 HONORABLE D. LOWELL JENSEN
28                               UNITED STATES DISTRICT JUDGE

STIPULATION AND PROPOSED PROTECTIVE
ORDER REGARDING CONFIDENTIAL DISCOVERY 4